IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

KIMBERLY BOETTCHER,                   )
                Plaintiff,              )
                                )
v.                                       )
                                       )   **Civil Action No:**
COMMONWEALTH OF VIRGINIA,      )   3:10CV612 (REP)
DEPARTMENT OF CORRECTIONS      )
Serve:     Gene M. Johnson, Director   )
           6900 Atmore Drive           )
           Richmond, VA 26963        )
                                       )
                and                   )
                                       )
BASKERVILLE CORRECTIONAL CENTER  )
Serve:     Henry Ponton, Warden      )
           4150 Hayes Mill Road       )
           Baskerville, VA 23915      )
                                       )
                and                   )
                                       )
GENE M. JOHNSON, DIRECTOR       )
Individually and as an Agent with the   )
Virginia Department of Corrections     )
                                       )
                and                   )
                                       )
HENRY PONTON, WARDEN            )
Individually and as an Agent with the   )
Baskerville Correctional Center       )
                                       )

## COMPLAINT

      Plaintiff, Kimberly Boettcher, respectfully moves the Court for judgment against

the Defendants, Commonwealth of Virginia Department of Corrections, hereinafter

referred to as "Department of Corrections", Baskerville Correctional Center, hereinafter referred to as "Baskerville", Gene M. Johnson, individually and as an agent with the Virginia Department of Corrections, hereinafter referred to as "Johnson", and Henry Ponton, individually and as an agent with the Baskerville Correctional Center, hereinafter referred to as "Ponton", and as grounds therefore states as follows:

## JURISDICTION AND VENUE

1.      This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended and 42 U.S.C. § 12112, *et seq.*, the Americans with Disabilities Act ("ADA"), Va. Code § 51.5-1 through 51.5-52, the Virginians with Disabilities Act ("VDA"), and Va. Code § 65.2-308.

2.      This Court has jurisdiction and venue pursuant to 42 U.S.C. § 2000 *et seq.*, 791, 28 U.S.C. § 1343, 1337 and 1391(b), *inter alia*.

3.      The Plaintiff, Kimberly Boettcher, is a resident of this judicial district, residing in Prince Edward County, Virginia.

4.      The Defendant, Commonwealth of Virginia Department of Corrections, is the correctional agency of the Commonwealth of Virginia.

5.      The Defendant, Baskerville Correctional Center, is an institution with the Department of Corrections in the Commonwealth of Virginia with jurisdiction in the County of Mecklenburg, Virginia.

6.     The Defendant, Gene M. Johnson, is the Director who supervises and manages the Department of Corrections in the State of Virginia.

7.     The Defendant, Henry Ponton, is a Warden at the Baskerville Correctional Center, located in the county of Baskerville in the Commonwealth of Virginia.

8.     At all times relevant to this action, the acts herein complained took place in this judicial district and the Defendants were "employers" engaged in commerce as defined by Title VII and were thereby subject to said laws.

9.     Plaintiff timely filed her charge of discrimination with The United States Equal Employment Opportunity Commission as required by law: received a Notice of Right to Sue dated May 28, 2010 (see Exhibit "A" attached) and files this action within ninety (90) days of his receipt of the Notice of Right to Sue and more than sixty (60) days after filing his charge under the ADA.

## FACTS

10.     The Plaintiff is a citizen of the United States of America residing in Prince Edward County, Virginia.

11.     The Plaintiff suffered sexual discrimination and/or disability discrimination while working for the Defendant Baskerville.

12.     At all relevant times, the Defendants operated a correctional facility located in Mecklenburg County, Virginia.

13.     At all relevant times, the Plaintiff was an employee of Defendant Baskerville.

14.     The Plaintiff has been discriminated against based upon her gender (female), and her pregnancy, which was treated as and perceived by the Defendants as a disability.

15.     On or about mid-July 2008 Plaintiff discussed an newly available employment position with Defendant Ponton, which would have given Plaintiff a salary increase while reducing her travel.  Plaintiff informed Defendant Ponton that she desired to remain with Defendant Ponton in Baskerville.

16.     Plaintiff advised Defendant Ponton of her pregnancy on or about July 23, 2008.

17.     The Defendant Ponton reacted to the pregnancy disclosure by terminating Plaintiff on August 8, 2008.

18.     As a result of her pregnancy Plaintiff was under a disability, as defined by 42 U.S.C. § 12102(2).

19.     Plaintiff had no performance or disciplinary issues prior to July 23, 2008.

20.     Plaintiff had no performance or disciplinary issues between the date of disclosure of her pregnancy, July 23, 2008, and the date of her discharge, August 8, 2008.

21.     No documentation exists to support termination for cause.

## COUNT I – TITLE VII VIOLATION

22.     Plaintiff incorporates by reference all previous paragraphs of this Complaint herein.

23.     Plaintiff believes and therefore alleges that the course of conduct of the Defendants towards her as supported by Title VII of the Civil Rights Act of 1964, was motivated by retaliation and discrimination based on sex.

a.      Plaintiff is a female.

b.      At the time of termination Plaintiff was pregnant, as defined by the Pregnancy Discrimination Act amended Title VII of the Civil Rights Act of 1964.

c.      Discrimination based on pregnancy constitutes unlawful sex discrimination under Title VII.

d.      Title VII covers employers with 15 or more employees, including state and local governments.

e.      At all relevant times Defendants were employers pursuant to Title VII.

f.      Plaintiff was terminated upon disclosure of her pregnancy, and for reasons related to her pregnancy and/or her gender generally, by information and belief.

## COUNT II – VIRGINIA HUMAN RIGHTS ACT VIOLATION

19.    Plaintiff incorporates by reference all previous paragraphs of this Complaint herein.

20.    Plaintiff believes and therefore alleges that the course of conduct of the Defendants towards her as supported by the Virginia Human Rights Act, VA Code 2.2-3900, et. seq., was motivated by retaliation and discrimination based on sex.

a.    Plaintiff is a female.

b.    At the time of termination Plaintiff was pregnant, as defined by the Virginia Human Rights Act.

c.    The Virginia Human Rights Act protects citizens of the Commonwealth against unlawful discrimination based on pregnancy.

d.    Defendants terminated Plaintiff upon disclosure of her pregnancy and in direct violation of the Virginia Human Rights Act.

## CONCLUSION

**WHEREFORE**, Plaintiff prays for judgment against the Defendants for equitable relief, reinstatement of benefits, compensatory, liquidated and punitive damages in the amount of $1,000,000.00 (one-million dollars), pre-judgment interest, attorney's fees, costs and such other relief as may be just and equitable.

**TRIAL BY JURY IS DEMANDED.**

Kimberly Boettcher


By: /s/ Mark B. Dunevant
Of Counsel


Philip B. Baker
VSB #:  23434
Mark B. Dunevant
VSB # 76680
SANZONE & BAKER, P.C.
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(434) 528-5264 (fax)
    *Counsel for Plaintiff*


### CERTIFICATE

I hereby certify that on the 27th day of August, 2010, this Complaint was electronically filed with the Clerk of Court using the CM/ECF system.


/s/ Mark B. Dunevant

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Kimberly D. Boettcher
296 Pine Hill Dr
Prospect, VA 23960

From: Norfolk Local Office
200 Granby Street
Suite 739
Norfolk, VA 23510

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-58261 | Phyllis Alexander,
Investigator | (757) 441-3473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Herbert Brown,
Director

5/28/10
(Date Mailed)

Enclosures(s)

cc:
N.A. Lee Davis
Human Resources
VA Department of Corrections
P.O. Box 26963
Richmond, VA 23216
(Respondent)

SANZONE & BAKER, P.C.
1106 Commerce Street
P.O. Box 1078
Lynchburg, VA 24505
(Charging Party's Attorney)

Exhibit A